**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, et al., ) | No. CV 07-1575-PHX-SMM |
| Plaintiffs, ) | **ORDER** |
| vs. ) | |
| Henry Products Inc., ) | |
| Defendant. ) | |

Pending before the Court is the parties' Joint Stipulation of Settlement and Proposed Order of Dismissal. (Dkt. 2)  In light of the parties' stipulation and good cause appearing,

**IT IS HEREBY ORDERED** as follows:

WHEREAS, the United States of America ("United States"), by authority of the Attorney General of the United States and acting at the request of the Administrator of the Environmental Protection Agency, and the Maricopa County Air Quality Department ("MCAQD") (collectively, the "Plaintiffs") are concurrently, with the filing of this Joint Stipulation of Settlement and Order of Dismissal ("Stipulation"), filing a Complaint in the above-captioned civil action (the "Complaint") against Henry Products, Inc. ("Defendant" or "HPI") seeking civil penalties for violations of the Clean Air Act ("CAA"), 42 U.S. C. §§ 7401, *et seq.*, and the federally approved Arizona State Implementation Plan for violations of Maricopa County SIP Rules and Maricopa County Air Pollution Control Rules in connection with alleged violations at HPI's polystyrene foam block manufacturing facility in Phoenix, Arizona.

WHEREAS, Plaintiffs previously issued the following notices of violation and orders to HPI: EPA NOV Docket No. R9-2004-0003 issued March 4, 2004, and EPA Compliance Order Docket No. CAA-R9-2004-08 issued on May 20, 2004, and amended on June 10, 2004, July 1, 2004, December 3, 2004, and February 23, 2005, and MCAQD NOVs #AU-11-26-03-01, #AU-11-26-03-02, #AU-11-26-03-03, #AU-11-26-03-04, #AU-03-10-04-01, #AU-04-29-04-01, #AU-04-29-04-02, #AU-04-29-04-03, #AU-06-28-04-01, #26931 and #26932 (collectively referred to as "the NOVs and Compliance Order").

WHEREAS, HPI denies the allegations of the Complaint and all allegations in the NOVs and Compliance Order

WHEREAS, this Stipulation and settlement does not constitute an admission of liability by HPI;

WHEREAS, the United States, MCAQD and HPI (the "Parties") agree that settlement of this action without further expense and litigation is in the public interest and that entry of this Stipulation is the most appropriate means of resolving the instant matter:

NOW, THEREFORE, without adjudication or admission of any issue of fact or law, or any determination of liability, and upon consent and agreement of the Parties to this Stipulation, it is hereby AGREED, STIPULATED, and ORDERED:

1. This Court has subject matter jurisdiction over this action pursuant to Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and pursuant to 28 U.S.C. §§ 1331, 1345, 1355 and 1367. Venue is proper in this District pursuant to Section 113(b) of the CAA, 42 U.S.C. § 7413(b).

2. All claims alleged in the Complaint and all claims alleged in EPA NOV Docket No. R9-2004-0003 issued March 4, 2004, and EPA Compliance Order Docket No. CAA-R9-2004-08 issued on May 20, 2004, and amended on June 10, 2004, July 1, 2004, December 3, 2004, and February 23, 2005, and MCAQD NOVs #AU-11-26-03-01, #AU-11-26-03-02, #AU-11-26-03-03, #AU-11-26-03-04, #AU-03-10-04-01, #AU-04-29-04-01, #AU-04-29-04-02, #AU-04-29-04-03, #AU-06-28-04-01, #26931 and #26932 are hereby settled and resolved. In exchange for resolution

of the above-mentioned claims, HPI shall pay a civil penalty in the amount of one hundred seventy-five thousand dollars ($175,000) by paying eighty-seven thousand five hundred dollars ($87,500) to the United States and eighty-seven thousand five hundred dollars ($87,500) to MCAQD.

3. Payment of the amount set forth in Paragraph 2 above to the United States shall be made by electronic funds transfer within thirty (30) calendar days after the Court enters this Joint Stipulation of Settlement and Order of Dismissal, in accordance with instructions to be provided by the Financial Litigation Unit of the United States Attorney's Office for the District of Arizona. At the time of payment, HPI shall provide notice of payment, referencing DOJ Case Number 90-5-2-1-08370 and the civil action case name and case number to:

> Ann C. Hurley
> Environmental Enforcement Section
> U.S. Department of Justice
> 301 Howard Street, Suite 1050
> San Francisco, CA 94105
>
> Chief, Environmental Enforcement Section
> U.S. Department of Justice
> P.O. Box 7611 Ben Franklin Station
> Washington, DC 20044
>
> Ann Lyons
> Assistant Regional Counsel
> U.S. EPA Region IX
> 75 Hawthorne Street
> San Francisco, CA 94105.

4. Payment of the amount set forth in Paragraph 2 above to MCAQD shall be in the form of a check made payable to the Maricopa County Air Quality Department and submitted to the attention of MCAQD, Enforcement Division, 1001 North Central Avenue, Suite 400, Phoenix, Arizona, 85004-1935. At the time of payment, HPI shall provide notice of payment, referencing DOJ Case Number 90-5-2-1-08370 and the civil action case name and number to:

> Daniel R. Brenden
> Deputy County Attorney
> Maricopa County Attorney's Office
> 222 North Central Avenue, Suite 1100
> Phoenix, Arizona 85004

5. If any portion of the civil penalty payable to the United States under Paragraph 2

1   of this Stipulation is not paid when due, HPI shall pay a stipulated penalty to the United States of
2   five hundred dollars ($500) for each day that HPI's civil penalty payment is delayed beyond the date
3   due.  Payment of any stipulated penalty to the United States shall be made in the manner set forth
4   in Paragraph 3.  The United States, in its sole and unreviewable discretion, may reduce or waive
5   stipulated penalties otherwise due to the United States under this Stipulation.

6        6.     If any portion of the civil penalty payable to MCAQD under Paragraph 2 of this
7   Stipulation is not paid when due, HPI shall pay a stipulated penalty to MCAQD of five hundred
8   dollars ($500) for each day that HPI's civil penalty payment is delayed beyond the due date.
9   Payment of any stipulated penalty to MCAQD shall be made in the manner set forth in Paragraph
10  4.  MCAQD , in its sole and unreviewable discretion, may reduce or waive stipulated penalties
11  otherwise due to MCAQD under this stipulation.

12       7.     All of the foregoing obligations shall apply to and are binding upon HPI and its
13  successors, and shall not be altered by any change in ownership or corporate status.

14       8.     Each person signing this Stipulation warrants and represents that he or she
15  possesses full authority to bind the party on whose behalf he or she is signing to all terms of this
16  Stipulation.

17       9.     Entry of this Stipulation and payment of the penalties stated in Paragraph 2 of this
18  Stipulation shall constitute full settlement and satisfaction of claims of the United States and
19  Maricopa County against HPI as alleged in the Complaint and the NOVs and Compliance Order.

20       10.    This Stipulation constitutes a final judgment under Federal Rules of Civil
21  Procedure 54 and 58, and it shall constitute an enforceable judgment in accordance with Rule 69 of
22  the Federal Rules of Civil Procedure, and Federal Debt Collection Procedure Act, 28 U.S.C. §§
23  3001-3308, and other applicable authority.  The United States and MCAQD shall be deemed
24  judgment creditors for purposes of collection of any unpaid amounts of the civil and stipulated
25  penalties. Further, HPI shall be liable for attorneys' fees and costs incurred by the United States and
26  MCAQD to collect any amounts due under Paragraphs 5 and 6 of this Stipulation.

27       11.    With regard to matters relating to this Stipulation and its enforcement and the
28

- 4 -

1  filing of the Complaint, the Defendant shall identify on the attached signature page the name,
2  address and telephone number of an agent who is authorized to accept service of process by mail on
3  behalf of that entity with respect to all matters arising under or relating to this Stipulation and the
4  filing of the Complaint.  The Defendant hereby agrees to accept service of process by mail and to
5  waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure
6  and in any applicable local rules of this Court, including, but not limited to, service of a summons.
7          12.     Except as stated in Paragraph 10 of this Stipulation, each party shall bear its own
8  costs and attorneys' fees related to this action.
9          13.     Within ten (10) business days of receipt of the notices, pursuant to Paragraphs 3
10 and 4 above, that all amounts due under this Stipulation have been paid, the Plaintiffs shall file
11 notice with the Court that full payment has been received.  At that time, the Plaintiffs' claims as
12 alleged in the Complaint shall be dismissed with prejudice.
13         14. This Court shall retain jurisdiction for the purposes of interpreting and enforcing this
14 Stipulation.
15         As agreed and stipulated by the parties, it is so ordered.
16         **IT IS FURTHER ORDERED** that any pending motions and hearings in this matter
17 are hereby **VACATED**.
18         DATED this 12th day of September, 2007.

_____
Stephen M. McNamee
United States District Judge